ORIGINAL

FILED
09 MAR 26 PM 2: 44
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

OLIVA & ASSOCIATES ALC
Joseph L. Oliva, Esq., State Bar No. 113889
Michael S. Faircloth, Esq., State Bar No. 211153
11770 Bernardo Plaza Court, Suite 350
San Diego, California 92128
Telephone: (858) 385-0491
Facsimile: (858) 385-0499
joliva@olivalaw.com
mfaircloth@olivalaw.com

BURKE O'NEIL LLC
Susan L. Burke (Pro Hac Vice motion pending)
William F. Gould (Pro Hac Vice motion pending)
1000 Potomac Street, SW
Suite 150
Washington, DC 20007
Telephone: (202) 445-1409
sburke@burkeoneil.com

CENTER FOR CONSTITUTIONAL RIGHTS
Katherine M. Gallagher (Pro Hac Vice motion pending)
666 Broadway
New York, NY 10012
Telephone: (212) 614-6455
kgallagher@ccrjustice.org

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

ESTATE OF MUSHTAQ KARIM ABD AL-RAZZAQ;
ESTATE OF QASIM MOHAMED ABBAS MAHMOUD;
ESTATE OF MOHAMED ABBAS MAHMOUD;
ESTATE OF GHANIYAH HASSAN ALI;
AFFRAH SATTAR GHAFIL;
WISSAM RAHEEM FULAIH;
ALAH MAJEED SGHAIR ZAIDI;
YASSAMEEN ABDULKHUDIR SALIH;
ZUHAIR NAJIM ABBOOD AL-MAMOURI;
ALI KHALAF SALMAN MANSOUR;
SARHAN THIAB ABDULMOUNEM;
ADEL JABIR SHAMMA;
JASSIM MOHAMMED HASHIM;
HAIDER SA'ADOON LATEEF; and
SA'ADOON LATEEF MAJEED,

Plaintiffs,

v.

CASE NO. 09 CV 0626 LAB BLM

COMPLAINT FOR:

1. WAR CRIMES
2. ASSAULT AND BATTERY
3. WRONGFUL DEATH
4. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
5. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
6. NEGLIGENT HIRING, TRAINING AND SUPERVISION
7. TORTIOUS SPOLIATION OF EVIDENCE

DEMAND FOR JURY TRIAL

1

COMPLAINT

| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7<br>8<br>9<br>10<br>11 | XE, formerly known as BLACKWATER )<br>WORLDWIDE and BLACKWATER LODGE )<br>AND TRAINING CENTER, INC.; )<br>FALCON; )<br>BLACKWATER SECURITY CONSULTING, )<br>LLC; )<br>BLACKWATER ARMOR AND TARGETS, )<br>LLC; )<br>BLACKWATER AIRSHIPS, LLC; )<br>BLACKWATER LOGISTICS, LLC; )<br>RAVEN DEVELOPMENT GROUP, LLC; )<br>GREYSTONE LIMITED TOTAL )<br>INTELLIGENCE SOLUTIONS, LLC; )<br>THE PRINCE GROUP LLC; )<br>EP INVESTMENTS, LLC; )<br>U.S. TRAINING CENTER: )<br>U.S. TRAINING CENTER SOUTHWEST; )<br>ERIK PRINCE, )<br>            )<br>        Defendants. )<br>_____) |

Plaintiffs ESTATE OF MUSHTAQ KARIM ABD AL-RAZZAQ; ESTATE OF QASIM MOHAMED ABBAS MAHMOUD; ESTATE OF MOHAMED ABBAS MAHMOUD; ESTATE OF GHANIYAH HASSAN ALI; AFFRAH SATTAR GHAFIL; WISSAM RAHEEM FULAIH; ALAH MAJEED SGHAIR ZAIDI; YASSAMEEN ABDULKHUDIR SALIH; ZUHAIR NAJIM ABBOOD AL-MAMOURI; ALI KHALAF SALMAN MANSOUR; SARHAN THIAB ABDULMOUNEM; ADEL JABIR SHAMMA; JASSIM MOHAMMED HASHIM; HAIDER SA'ADOON LATEEF and SA'ADOON LATEEF MAJEED hereby allege as follows:

## JURISDICTION AND VENUE

1. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 1332 (diversity jurisdiction); 28 U.S.C. § 1350 (Alien Tort Statute); and 28 U.S.C. § 1367 (supplemental jurisdiction).

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(3) and § 1391(b)(2).

///
///

2

## THE PARTIES

3. Plaintiff is the Estate of Mushtaq Karim Abd Al-Razzaq. Mushtaq Karim Abd Al-Razzaq was a 19-year old male resident of Baghdad who was killed by Xe – Blackwater shooters on September 16, 2007.

4. Plaintiff is the Estate of Qasim Mohamed Abbas Mahmoud. Qasim Mohamed Abbas Mahmoud was a 12-year old male resident of Baghdad who was killed by Xe – Blackwater shooters on September 16, 2007. He was shot while riding in a car with his father, Mohamed Abbas Mahmoud and his mother Yassameen Abdulkhudhir Salih.

5. Plaintiff is the Estate of Mohamed Abbas Mahmoud. Mohamed Abbas Mahmoud was a 47-year old male resident of Baghdad who was killed by Xe – Blackwater shooters on September 16, 2007. He was killed along with his 12-year old son, Qasim Mohamed Abbas Mahmoud.

6. Plaintiff is the Estate of Ghaniyah Hassan Ali. Ghaniyah Hassan Ali was a 55 year old resident of Baghdad who was killed by Xe-Blackwater shooters on September 16, 2007. Ghaniyah Hassan Ali was shot in the head while riding in a bus with her daughter, Affrah Sattah Ghafil, whom she tried to shield from the shooting.

7. Plaintiff is Yassameen Abdulkhudir Salih, a resident of Baghdad. Yassameen Abdulkhudir Salih was injured as she was riding in a car with her husband, Mohamed Abbas Mahmoud, and 12-year old son, Qasim Mohamed Abbas Mahmoud in Nisoor Square on September 16, 2007. She observed both her husband and son killed by Xe – Blackwater "shooters", which caused severe and lasting mental injury. She also was seriously and permanently physically injured by shots fired by Xe – Blackwater shooters.

8. Plaintiff is Affrah Sattar Ghafil, a 28-year old female resident of Baghdad. Affrah Sattar Ghafil while riding in the bus with her mother, Ghaniyah Hassan Ali, was shot at and observed her mother slaughtered by Xe-Blackwater mercenaries, which caused severe and lasting mental injury.

///

///

COMPLAINT

9. Plaintiff is Wissam Raheem Fulaih a 24 year old resident of Baghdad. Wisam Raheem Fulaih was shot multiple times as he attempted to leave a bus and run to safety in Nisoor Square on September 16, 2007.

10. Plaintiff is Alah Majeed Sghair Zaidi is a 25-year old resident of Baghdad, Iraq. He was on duty as a policeman near Nisoor Square on September 16, 2007, when Xe-Blackwater shooters opened fire and shot him in the chest.

11. Plaintiff is Zuhair Najim Abbood Al-Mamouri. Zuhair Najim Abbood Al-Mamouri is a 32-year old male resident of Baghdad. He was driving in Nisoor Square on September 16, 2007, when the Xe – Blackwater shooters opened fire, injuring him and his vehicle.

12. Plaintiffs Ali Khalaf Salman Mansour and Sarhan Thiab Abdulmounem are police officers who tried to stop the senseless killing by Xe – Blackwater shooters on September 16, 2007. Rather than heeding Plaintiffs' hand signals indicating a lack of threat by any persons, the Xe – Blackwater shooters opened fire on Plaintiffs and numerous other innocents. Both gentlemen are residents of Baghdad.

13. Plaintiff is Adel Jabir Shamma, a 52 year old resident of Baghdad. Adel Jabir Shamma was shot multiple times in the leg while in Nisoor Square on September 16, 2007.

14. Plaintiff is Jassim Mohammed Hashim, a 30 year old resident of Baghdad. Jassim Mohammed Hashim was shot in the head while in Nisoor Square on September 16, 2007.

15. Plaintiff is Haider Sa'adoon Lateef, a 19 year resident of Baghdad. Haider Sa'adoon Lateef was shot multiple times in the legs while riding in a bus in Nisoor Square on September 16, 2007.

16. Plaintiff is Sa'adoon Lateef Majeed, a 56 year resident of Baghdad. Sa'adoon Lateef Majeed was shot at while riding in a bus in Nisoor Square on September 16, 2007 and observed his son, Haider Sa'adoon Lateef being shot by Xe-Blackwater mercenaries, which caused severe and lasting mental injury.

///

17. Defendant Erik Price is a resident of McLean, Virginia, with business offices at 1650 Tysons Boulevard, McLean, Virginia 22102, who personally and wholly owns holding companies known as The Prince Group and EP Investments LLC. Mr. Price, through these holding companies, owns and controls the various Xe-Blackwater entities, as well as entities known as Greystone and Total Intelligence.

18. Defendant The Prince Group LLC is a holding company located at 1650 Tysons Boulevard, McLean, Virginia 22102.

19. Defendant EP Investments, LLC is a holding company managed by The Prince Group LLC. EP Investments, LLC is located at 1650 Tysons Boulevard, McLean, Virginia 22102.

20. Defendant Erik Prince, acting through a web of companies operating under the "Xe" or "Blackwater" or "Falcon" or "Greystone" or "Total Intelligence" names, earns billions of dollars providing mercenaries (known as "shooters") for hire. The various Xe-Blackwater, Greystone and The Prince Group corporate entities were formed primarily to reduce legal exposures and do not operate as individual and independent companies outside the control of Erik Prince. Erik Prince personally controls all the various entities.

21. Defendants Xe, Blackwater Worldwide, Blackwater Lodge and Training Center, Inc., Blackwater Target Systems, Blackwater Security Consulting and Raven Development Group are all located at 850 Puddin Ridge Road, Moyock, North Carolina 27958.

22. Defendant Greystone Ltd. and Total Intelligence Solutions LLP are companies through which Erik Prince conducts his mercenary business. Greystone Ltd. and Total Intelligence Solutions LLP are located at 1650 Tysons Boulevard, McLean, Virginia 22102.

23. Defendant U.S. Training Center, a subsidiary of Xe/ Blackwater, operates U.S. Training Center Southwest. This 66,000 square foot training center provides military, law enforcement and private citizen firearms and specialty course training. U.S. Training Center Southwest was formed and does business in this District at 7685 Siempre Viva Road, San Diego. It had previously conducted business in this District at 5590 Ruffin Road, San Diego.

# COMPLAINT

24. This action is being brought against Xe, formerly Blackwater, in all of its various corporate incarnations. These companies (including a Xe- Blackwater company called Falcon that continues to operate in Iraq), are all component parts a single private company wholly owned and personally controlled by a man named Erik Prince. Prince and his corporate entities earn billions of dollars selling mercenary services.

25. On September 16, 2007, heavily-armed Xe - Blackwater mercenaries (known in Blackwater parlance as "shooters") working in Iraq began firing on a crowd of innocent Iraqis, without justification, resulting in multiple deaths and injuries. The Xe - Blackwater "shooters" involved in this senseless slaughter on September 16, 2007, are being criminally prosecuted by the United States Department of Justice. One Xe - Blackwater shooter has already plead guilty, admitting that the Xe – Blackwater shooters were not being threatened and instead intentionally killed innocents for no reason.

26. The September 16, 2007 massacre is one episode in a lengthy pattern of egregious misconduct by Xe - Blackwater acting in Iraq, Afghanistan and around the world. Xe- Blackwater created and fostered a culture of lawlessness amongst its employees, encouraging them to act in the company's financial interests at the expense of innocent human life. This action seeks compensatory damages to compensate the injured and the families of those gunned down and killed by Xe - Blackwater shooters. This action seeks punitive damages in an amount sufficient to punish Erik Prince and his Xe - Blackwater companies for their repeated callous killing of innocents.

## THE XE-BLACKWATER SEPTEMBER 16, 2007 MASSACRE

27. Xe-Blackwater provides armed forces to protect Department of State personnel in Iraq. These mobile armed forces that accompany diplomats and others in need of protection are consistently referred to by Xe-Blackwater as "shooters."

28. Xe - Blackwater earned more than two billion dollars from the United States. The United States paid Xe - Blackwater these substantial sums based on Xe - Blackwater's misrepresentations that it was a legitimate company able to conduct itself in a lawful manner.

But in fact, Xe - Blackwater operates extra-legally, providing heavily-armed mercenaries who flout the laws of this nation and the host nation, Iraq.

29. On or about September 16, 2007, Blackwater shooters Paul Alvin Slough, Nicolas Abram Slatten, Evan Shawn Liberty, Dustin Laurent Heard, Donald Wayne Ball, and Jeremy P. Ridgeway shot without justification and killed or injured Plaintiffs and other innocent Iraqis in and around a traffic circle known as Nisoor Square.

30. One of the Blackwater shooters, Jeremy P. Ridgeway, pled guilty to voluntary manslaughter and attempt to commit manslaughter.

31. Mr. Ridgeway admitted that he and his co-conspirators had been told to stay in the International Zone by the United States Embassy Regional Security Office. The shooters ignored these direct orders.

32. After the shooters improperly left the International Office, the Regional Security Office directed them to return to the International Zone.

33. Instead, as Mr. Ridgeway admitted, the shooters wholly ignored these direct orders, and rode four-heavily armored trucks into Nisoor Square, blockaded peaceful civilian traffic and opened fire with automatic weapons and grenade launchers for no reason.

34. Mr. Ridgeway admitted that he and his co-conspirators knew that they were shooting at innocents who were attempting to flee. The Xe – Blackwater shooters shot, among others, an unarmed man holding his hands in the air.

35. The Xe – Blackwater shooters knew they were killing innocents, not using the most minimal force necessary to defend themselves from insurgents. The Xe – Blackwater mercenaries intentionally ignored direct orders to stay in the International Zone, and instead voluntarily drove to Nisoor Square and massacred and maimed innocents. These men knew they were not facing any threats to their own safety.

### XE – BLACKWATER PERMITS AND ENCOURAGES EXCESSIVE AND UNNECESSARY USE OF DEADLY FORCE

36. The September 16, 2007, massacre was not an isolated instance of misconduct by Xe – Blackwater. Xe - Blackwater has a pattern and practice of recklessness in the use

of deadly force.   Xe - Blackwater has created and fostered a corporate culture in which excessive and unnecessary use of deadly force by its employees is not investigated or punished in any way.

37.   Xe - Blackwater routinely sends heavily-armed "shooters" into the streets of Baghdad with the knowledge that some of those "shooters" are chemically influenced by steroids and other judgment-altering substances.

38.   Through their acts and omissions, Xe – Blackwater management encouraged shooting innocent Iraqis.   Xe – Blackwater management refused to fire or discipline mercenaries who murdered innocent Iraqis.   Shooters known to have committed "bad shoots" (i.e. murder) would not even be placed on the "do not use" list.   Instead, Xe – Blackwater would continue to rehire and deploy shooters known to have killed innocents for no reason.

39.   Xe – Blackwater captured much of the illegal conduct on videotape and audiotape.   At times, Xe – Blackwater would even review the illegal conduct in a review called a "hot wash."   Xe – Blackwater, however, did not report or punish the illegal conduct of its shooters.   Instead, Xe – Blackwater intentionally destroyed the evidence of illegal conduct, and encouraged the shooters to do the same.

40.   Plaintiffs will show at trial a litany of illegal shootings around the globe known to Xe – Blackwater management.

41.   Plaintiffs will also show at trial that Xe – Blackwater hired and continues to hire former military officials known to have been involved in human rights abuses in Latin American and elsewhere.

42.   Although Xe – Blackwater tries to pass itself off as a company using retired American military, the company actually recruits mercenaries from the Philippines, Chile, Nepal, Colombia, Ecuador, El Salvador, Honduras, Panama, Peru, Bulgaria, Poland, Romania, Jordan and perhaps South Africa. Xe - Blackwater hires and deploys to Iraq foreign nationals without regard for the fact that they were forbidden by the laws of their country from serving as mercenaries.

43. Xe - Blackwater repeatedly and routinely engages in other illegal conduct.

44. Xe – Blackwater engages in conduct that violates the laws governing the use and sale of firearms.

45. Xe – Blackwater engages in conduct that violates the Anti-Pinkerton Act, 5 U.S.C. § 1803, which prohibits the United States from doing business with "[a]n individual employed by the Pinkerton Detective Agency, or similar organization." The legislative history of the Act makes it clear that a "similar organization" means any mercenary or quasi-mercenary organization. Xe - Blackwater constitutes such a "similar organization" and therefore lacks any valid contractual relationships with the United States.

46. Xe- Blackwater engages in conduct that violates the terms of its putative contracts with the United States.

47. Xe – Blackwater seriously harms the United States by its repeated and consistent failure to act in accord with the law of war, the laws of the United States, and international law.

## DAMAGES

48. Defendants are liable for killing. Defendants are liable for the pain and suffering caused to these victims, as well as the pain and suffering and loss of consortium caused to the family members of these victims.

49. Defendants are liable for the physical and mental injuries caused to Plaintiffs.

50. Plaintiffs seeks compensatory and punitive damages in an amount for each individual in excess of the jurisdictional amount set forth in 28 U.S.C. § 1332. Plaintiffs also seek any and all additional remedies (such as attorneys' fees) available under law and equity.

## COUNT ONE – WAR CRIMES

51. All preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

52. Defendants' acts were deliberate, willful, intentional, wanton, malicious and oppressive and constitute war crimes.

53. Defendants' acts took place during a period of armed conflict.

54. Defendants committed war crimes, including willful killing and willfully causing great suffering or serious injury to body or health, against Plaintiffs.

55. Defendants are liable for their conduct that constitutes war crimes.

56. Defendants' misconduct caused grave and foreseeable injuries to Plaintiffs.

## COUNT TWO – ASSAULT AND BATTERY

57. All preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

58. Defendants unlawfully intended to and did inflict immediate injury upon Plaintiffs.

59. Defendants intentionally assaulted, battered, and made other offensive contacts; and aided and abetted the assaulting, battering and offensively contacting of the Plaintiffs.

60. Plaintiffs did not consent to the offensive contacts. Plaintiffs feared for their personal safety and felt threatened by Defendants' actions.

61. Defendants committed the assaults and batteries.

62. Defendants' acts caused grave and foreseeable damages to Plaintiffs.

## COUNT THREE – WRONGFUL DEATH

63. All preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

64. Defendants' wrongful acts and omissions caused the death of Plaintiffs.

65. Defendants set the conditions, directly and/or indirectly facilitated, ordered, acquiesced, confirmed, ratified and/or conspired with others to act in the manner that led to the wrongful deaths.

66. Plaintiffs are the duly appointed personal representative of those wrongfully killed by Defendants.

67. The deaths of these persons were the foreseeable result of Defendants' wrongful acts and omissions.

///

COMPLAINT

## COUNT FOUR – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

68. All preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

69. Defendants intentionally inflicted severe emotional distress by way of extreme and outrageous conduct on Plaintiffs and their family members. Defendants intended or recklessly disregarding the probability that Plaintiffs would suffer emotional distress when directing offensive conduct toward Plaintiffs or carrying out offensive conduct while aware of Plaintiffs' and their family members' presence.

70. Defendants set the conditions, directly and/or indirectly facilitated, ordered, acquiesced, confirmed, ratified and/or conspired with others to inflict emotional distress on Plaintiffs.

71. Defendants' acts caused grave and foreseeable injuries to Plaintiffs and their family members.

## COUNT FIVE – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

72. All preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

73. Defendants negligently inflicted severe emotional distress on Plaintiffs and their family members.

74. Defendants breached a duty to Plaintiffs and others present at the scene of the killings and infliction of bodily injury.

75. Defendants' negligence directly and foreseeably harmed Plaintiffs.

## COUNT SIX – NEGLIGENT HIRING, TRAINING AND SUPERVISION

76. All preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

77. Defendants acted negligently and directly harmed Plaintiffs by:

   (a) failing to take the appropriate steps in hiring proper personnel to perform services;

   (b) failing to properly screen personnel before their hiring;

11

COMPLAINT

1     (c)    failing to train personnel properly;

2     (d)    failing to investigate allegations of wrongdoing;

3     (e)    failing to reprimand for wrongful actions;

4     (f)    failing to adequately monitor for and stop illegal substance abuse; and

5     (g)    negligently permitting repeated lawlessness by employees.

78. Defendants' negligence directly and foreseeably harmed Plaintiffs and their family members.

## COUNT SEVEN – TORTIOUS SPOLIATION OF EVIDENCE

79. All preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

80. Defendants had a legal duty to preserve evidence relating to unauthorized uses of force.

81. Defendants intentionally destroyed that evidence to prevent detection of its wrongdoing.

82. Defendants' destruction of evidence significantly impaired Plaintiffs' ability to prove certain facts in this action.

83. Defendants' intent in destroying the evidence was to lessen the risk that they would be found liable by a jury hearing this action.

84. Defendants' intentional destruction of evidence harmed and continues to harm the Plaintiffs.

## PRAYERS AND DAMAGES

85. Plaintiffs and their family members, acting when necessary through their Estates, are entitled to any and all remedies available to them as a result of the conduct alleged herein, including, but not limited to:

    (a)    compensatory damages for death, physical, mental and economic injuries;

///

///

1  (b) punitive damages in an amount sufficient to strip Defendants of all of the revenue and profits earned from their pattern of constant misconduct and callous disregard for human life; and

(c) any attorneys' fees and costs permitted by law.

DATED: March 26, 2009

OLIVA & ASSOCIATES, ALC

By: *[signature]*
Joseph L. Oliva, Esq.
Michael S. Faircloth, Esq.
joliva@olivalaw.com
mfaircloth@olivalaw.com

BURKE O'NEIL LLC
Susan L. Burke (Pro Hac Vice motion pending)
William F. Gould (Pro Hac Vice motion pending)
1000 Potomac Street, SW
Suite 150
Washington, DC 20007
202.445.1409
sburke@burkeoneil.com

CENTER FOR CONSTITUTIONAL RIGHTS
Katherine M. Gallagher (Pro Hac Vice motion pending)
666 Broadway
New York, NY 10012
Telephone: (212) 614-6455
kgallagher@ccrjustice.org

Attorneys for Plaintiffs
ESTATE OF MUSHTAQ KARIM ABD AL-RAZZAQ; ESTATE OF QASIM MOHAMED ABBAS MAHMOUD; ESTATE OF MOHAMED ABBAS MAHMOUD; ESTATE OF GHANIYAH HASSAN ALI; AFFRAH SATTAR GHAFIL; WISSAM RAHEEM FULAIH; ALAH MAJEED SGHAIR ZAIDI; YASSAMEEN ABDULKHUDIR SALIH; ZUHAIR NAJIM ABBOOD AL-MAMOURI; ALI KHALAF SALMAN MANSOUR; SARHAN THIAB ABDULMOUNEM; ADEL JABIR SHAMMA; JASSIM MOHAMMED HASHIM; HAIDER SA'ADOON LATEEF and SA'ADOON LATEEF MAJEED

/ / /
/ / /

DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial as provided by Rule 38(a) of the Federal Rule of Civil Procedure.

OLIVA & ASSOCIATES, ALC

By: *[signature]*
Joseph L. Oliva, Esq.
Michael S. Faircloth, Esq.
joliva@olivalaw.com
mfaircloth@olivalaw.com

BURKE O'NEIL LLC
Susan L. Burke (Pro Hac Vice motion pending)
William F. Gould (Pro Hac Vice motion pending)
1000 Potomac Street, SW
Suite 150
Washington, DC 20007
202.445.1409
sburke@burkeoneil.com

CENTER FOR CONSTITUTIONAL RIGHTS
Katherine M. Gallagher (Pro Hac Vice motion pending)
666 Broadway
New York, NY 10012
Telephone: (212) 614-6455
kgallagher@ccrjustice.org

Attorneys for Plaintiffs,
ESTATE OF MUSHTAQ KARIM ABD AL-RAZZAQ; ESTATE OF OQSIM MOHAMED ABBAS MAHMOUD; ESTATE OF MOHAMED ABBAS MAHMOUD; ESTATE OF GHANIYAH HASSAN ALI; AFFRAH SATTAR GHAFIL; WISSAM RAHEEM FULAIH; ALAH MAJEED SGHAIR ZAIDI; YASSAMEEN ABDULKHUDIR SALIH; ZUHAIR NAJIM ABBOOD; ALI KHALAF SALMAN MANSOUR; SARHAN THIAB ABDULMOUNEM; ADEL JABIR SHAMMA; JASSIM MOHAMMED HASHIM; HAIDER SA'ADOON LATEEF and SA'ADOON LATEEF MAJEED

**ORIGINAL**

| JS 44 (Rev. 07/89) | CIVIL COVER SHEET | |
|---|---|---|

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I. (a) PLAINTIFFS**
ESTATE OF MUSHTAQ KARIM ABD AL-RAZZAQ;
ESTATE OF QASIM MOHAMED ABBAS MAHMOUD;
ESTATE OF MOHAMED ABBAS MAHMOUD;

[SEE ATTACHED LIST]

**DEFENDANTS**
XE, formerly known as BLACKWATER
WORLDWIDE and BLACKWATER LODGE AND
TRAINING CENTER, INC.;

[SEE ATTACHED LIST]

**FILED 09 MAR 26 PM 2:44**
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: ___ DEPUTY

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: IRAQ
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: FAIRFAX, VA
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
OLIVA & ASSOCIATES, ALC
11770 Bernardo Plaza Court
Suite 350
San Diego, CA 92128
(858) 385-0491

ATTORNEYS (IF KNOWN)
**'09 CV 0626 LAB BLM**

**II. BASIS OF JURISDICTION** (PLACE AN 'X' IN ONE BOX ONLY)
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ]1 | [ ]1 | Incorporated or Principal Place of Business in This State | [ ]4 | [ ]4 |
| Citizen of Another State | [ ]2 | [ ]2 | Incorporated and Principal Place of Business in Another State | [ ]5 | [ ]5 |
| Citizen or Subject of a Foreign Country | [ ]3 | [ ]3 | Foreign Nation | [ ]6 | [ ]6 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
28 USC Section 1350 (Aliens' action for tort). This action involves claims in tort by aliens committed in violation of the laws of nations or a treat of the United States.

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | | | |
| [ ] 110 Insurance | [ ] 310 Airplane | [ ] 362 Personal Injury - Medical Malpractice | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reappointment |
| [ ] 120 Marine | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury - Product Liability | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | | | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | | **PROPERTY RIGHTS** | [ ] 450 Commerce/ICC Rates/etc. |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | [ ] 630 Liquor Laws | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | PERSONAL PROPERTY | [ ] 640 R.R. & Truck | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 650 Airline Regs. | [ ] 840 Trademark | [ ] 810 Selective Service |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 660 Occupational Safety/Health | **SOCIAL SECURITY** | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | [ ] 690 Other | [ ] 861 HIA (13958) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 190 Other Contract | [X] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | **LABOR** | [ ] 862 Black Lung (923) | [ ] 891 Agricultural Acts |
| [ ] 195 Contract Product Liability | | | [ ] 710 Fair Labor Standards Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 720 Labor/Mgmt. Relations | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motion to Vacate Sentence | [ ] 730 Labor/Mgmt. Reporting & Disclosure Act | [ ] 865 RSI (405(g)) | [ ] 894 Energy Allocation Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | HABEAS CORPUS: | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | [ ] 740 Railway Labor Act | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 240 Torts to Land | | [ ] 535 Death Penalty | [ ] 790 Other Labor Litigation | | |
| [ ] 245 Tort Product Liability | [ ] 444 Welfare | [ ] 540 Mandamus & Other | [ ] 791 Empl. Ret. Inc. Security Act | [ ] 871 IRS - Third Party 26 USC 7609 | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 440 Other Civil Rights | [ ] 550 Civil Rights | | | [ ] 890 Other Statutory Actions |
| | | [ ] 555 Prison Conditions | | | |

**VI. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)
- [X] 1 Original Proceeding
- [ ] 2 Removal from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: [X] YES [ ] NO

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE Thomas J. Whelan    Docket Number 09 CV 0561 W LSP

DATE: March 26, 2009
SIGNATURE OF ATTORNEY OF RECORD
MICHAEL S. FAIRCLOTH

#161420 $350.
::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)
3/26/09

ATTACHMENT TO CIVIL COVER SHEET

ADDITIONAL PLAINTIFFS:

ESTATE OF GHANIYAH HASSAN ALI;

AFFRAH SATTAR GHAFIL;

WISSAM RAHEEM FULAIH;

ALAH MAJEED SGHAIR ZAIDI;

YASSAMEEN ABDULKHUDIR SALIH;

ZUHAIR NAJIM ABBOOD AL-MAMOURI;

ALI KHALAF SALMAN MANSOUR;

SARHAN THIAB ABDULMOUNEM;

ADEL JABIR SHAMMA;

JASSIM MOHAMMED HASHIM;

HAIDER SA'ADOON LATEEF; and

SA'ADOON LATEEF MAJEED

AO 72
(Rev. 8/82)

AO-72

| | |
|---|---|
| 1 | ATTACHMENT TO CIVIL COVER SHEET |
| 2 | |
| 3 | <u>ADDITIONAL DEFENDANTS:</u> |
| 4 | FALCON; |
| 5 | BLACKWATER SECURITY CONSULTING, LLC; |
| 6 | BLACKWATER ARMOR AND TARGETS, LLC; |
| 7 | BLACKWATER AIRSHIPS, LLC; |
| 8 | BLACKWATER LOGISTICS, LLC; |
| 9 | RAVEN DEVELOPMENT GROUP, LLC; |
| 10 | GREYSTONE LIMITED TOTAL INTELLIGENCE SOLUTIONS, LLC; |
| 11 | THE PRINCE GROUP LLC; |
| 12 | EP INVESTMENTS, LLC; |
| 13 | U.S. TRAINING CENTER; |
| 14 | U.S. TRAINING CENTER SOUTHWEST; |
| 15 | ERIK PRINCE |

AO 72 (Rev. 8/82)

AO-72

```
        UNITED STATES
        DISTRICT COURT
    SOUTHERN DISTRICT OF CALIFORNIA
          SAN DIEGO DIVISION

      # 161420      - SR
      * * C O P Y * *
        March 26, 2009
            14:48:14


        Civ Fil Non-Pris
    USAO #.: 09CV0626
    Judge..: LARRY A BURNS
    Amount.:              $350.00 CK
    Check#.: BC#9937



        Total-> $350.00



    FROM: ESTATE OF MUSHTAQ KARIM
          V. XE
          CIVIL FILING
```